**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRANDON CARL GREGORY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-CV-118 HEA |
| | ) | |
| MARGARET WREN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on self-represented Plaintiff Brandon Gregory's motion to proceed in district court without prepaying fees or costs. (ECF No. 3). The Court will grant the motion and assess a $1.00 initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss this action without prejudice.[1]

### Initial Partial Filing Fee

Under 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis must pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court will assess an initial partial filing fee equal to the greater of either: (1) 20 percent of the average monthly deposits in the prisoner's account for the six months immediately preceding the filing of the lawsuit, or (2) 20 percent of the average monthly balance in the prisoner's account over the same six-month period. 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner must make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The

---

[1] Under the Prison Litigation Reform Act, prisoners are responsible for their filing fees the moment they bring a civil action or file an appeal. *In re Tyler*, 110 F.3d 528, 529 (8th Cir. 1997) (citation omitted). Thus, Plaintiff must pay the filing fee despite the dismissal of his Complaint. *Id.*

agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the prisoner has paid the fee in full. *Id.*

Plaintiff has not submitted an inmate account statement as required by 28 U.S.C. §1915(a)(2). Even so, the Court will require Plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the court with a certified copy of his inmate account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If Plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his inmate account statement to support that assertion.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912,

2

914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff is an inmate at the Potosi Correctional Center in Mineral Point, Missouri. He brings this case under 42 U.S.C. § 1983 against Margaret Wren (Plaintiff's stepsister) and Charles Gregory (Plaintiff's brother).

Plaintiff asserts he "got sentenced to 5 years in prison for [Defendant Wren's] lies." He states that Defendant Wren "lied on paperwork" and told her daughter to "lie in court." According to Plaintiff, the evidence at trial was "a lie [and] inconclusive. Innocent. They lied."

Plaintiff states that he suffers from post-traumatic stress disorder "because of being in prison for all them years." He seeks $600,000 in damages and release from prison.

## Discussion

Even liberally construed, Plaintiff's Complaint fails to state a plausible claim to relief. The crux of the Complaint is that Defendants committed perjury and that Plaintiff is incarcerated as a

3

result. Plaintiff's allegations constitute legal conclusions that the Court need not accept as true. *See Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

Even if the Court accepts Plaintiff's allegations as true, the Complaint is still subject to dismissal. To the extent Plaintiff intends to assert a claim of perjury against Defendants, the federal perjury statute establishes a criminal penalty, not a private right of action. *See Chipman v. Nelson*, No. 2:11-CV-2770-TLN-EFB, 2014 WL 4635117, at *9 n.7 (E.D. Cal. Sept. 10, 2014) (stating there is no private right of action under 18 U.S.C. § 1621); *Schulstrom v. Schulstrom*, No. 3:14-CV-00791-SI, 2014 WL 3479018, at *3 (D. Or. July 11, 2014) (same); *Fuller v. Unknown Offs. from the Just. Dep't Crime Div.*, 387 F. App'x 3, 4 (D.C. Cir. 2010) (same). To the extent Plaintiff seeks to challenge the very fact of his imprisonment, his sole federal remedy is a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("This Court has held that a prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement."); *Adams v. Agniel*, 405 F.3d 643, 644-45 (8th Cir. 2005) (explaining that a habeas action is the proper vehicle for a prisoner to challenge the legality of his sentence or to seek immediate or speedier release).

## Conclusion

For the foregoing reasons, the Court will dismiss Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2).

4

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed in the district court without prepayment of fees and costs is **GRANTED**. (ECF No. 3).

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial partial filing fee of $1.00 within thirty (30) days of the date of this order. Plaintiff shall make his remittance payable to "Clerk, United States District Court," and shall include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) a statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel is **DENIED** as moot. (ECF No. 2).

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 14th day of  May,  2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

5